OPINION
This matter presents a timely appeal from a judgment rendered by the Columbiana County Common Pleas Court, denying the petition for post-conviction relief filed by defendant-appellant, Keith I. Davis II.
On January 23, 1996, the Columbiana County Grand Jury indicted appellant on aggravated murder in violation of R.C. 2903.01(A), with an attendant firearm specification. This charge was brought against appellant as a result of his involvement in the death of his live-in girlfriend, Alice Timmons. Following a jury trial, appellant was found guilty and sentenced to a definite three year incarceration term on the gun specification, and to life imprisonment on aggravated murder. These sentences were to be served consecutively.
Defendant timely appealed his conviction and on November 19, 1999, this court affirmed the trial court's judgment. State v. Davis (November 19, 1999), Columbiana App. No. 96-CO-44, unreported. On November 14, 1997, appellant filed a timely petition for post-relief with the trial court. On December 4, 1997, the trial court denied this petition and thereafter, set forth its findings of fact and conclusions of law.
The trial court found that appellant's arguments were barred byres judicata and that appellant offered nothing more than bald accusations to support his claims. The trial court also found that appellant's claims could be dismissed without an evidentiary hearing because he failed to provide sufficient operative facts to support his allegations. This appeal followed.
Appellant sets forth four assignments of error on appeal.
Appellant's first assignment of error alleges:
 "APPELLANT WAS DENIED TO (sic) HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND A FAIR TRIAL BY THE WITHHOLDING OF EVIDENCE FAVORABLE TO THE DEFENSE. SUCH WITHHOLDING OF EVIDENCE WAS IN VIOLATION OF AMENDMENTS FIVE, SIX AND FOURTEEN OF THE UNITED STATES CONSTITUTION, OHIO CRIMINAL RULE 16 INCLUDING 16(B)(1)(g), OHIO CRIMINAL RULE 43(A), OHIO RULES OF EVIDENCE 613(A), OHIO R.C. § 2945.50, R.C. § 2945.59
AND IN DISREGARD TO THE `BRADY MATERIALS DOCTRINE.'"
Appellant essentially argues that he did not have a fair trial because plaintiff-appellee, State of Ohio, withheld evidence that was material to his defense, in violation of the "Brady Materials Doctrine." Brady v. Maryland (1963), 373 U.S. 83. Appellant maintains that appellee knew several of its witnesses were lying and in particular, that Deputy Willie Coleman's original statements were withheld from the defense. Appellant also argues that his defense counsel was not able to and should have been afforded the right to participate during in-camera examinations of prior statements offered by witnesses for appellee in accord with Crim.R. 16(B)(1)(g).
R.C. 2953.21 states, in pertinent part:
 "(A) (1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
"* * *
 "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
"* * *
 "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court." (Emphasis added).
This court has held that a petition for post-conviction relief can be overruled without an evidentiary hearing if an appellant fails to present sufficient evidence to demonstrate substantive grounds for relief. State v. Hughey, (June 6, 1996), Monroe App. No. 750, unreported. Furthermore, res judicata bars a convicted defendant from raising any claim or defense that was raised or could have been raised by the defendant at trial or on direct appeal in a petition for post-conviction relief. State v. Perry
(1967), 10 Ohio St.2d 175; State v. Bellish, (Sept. 9, 1997), Mahoning County App. Case No. 94 C.A. 157, unreported. This court has further stated: "Post-conviction relief is a narrow remedy because any claims that could have been raised at trial or on direct appeal are barred by res judicata." State v. Duncan-El
(Dec. 17, 1998), Mahoning App. No. 96 CA 208, unreported (citingState v. Steffen (1994), 70 Ohio St.3d 399, 410).
Appellant's post-conviction petition to vacate or set aside his verdict was properly denied by the trial court by virtue of the doctrine of res judicata because appellant's arguments were or could have been raised at trial and/or on direct appeal. Perry,supra. Additionally, the trial court correctly denied an evidentiary hearing on appellant's petition for post-conviction relief because appellant failed to present sufficient evidence to demonstrate substantive grounds for relief. Hughey, supra. The only evidentiary documents submitted with his petition were three self-written, self-serving affidavits which made conclusory allegations. Therefore, appellant did not provide adequate evidence demonstrating substantive grounds for relief, and the trial court did not err in denying appellant's petition for post-conviction relief without an evidentiary hearing regarding his arguments under his first assignment of error.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "APPELLANT WAS DENIED HIS RIGHT TO (A) FAIR AND IMPARTIAL TRIAL WHEN HIS ATTORNEY FAILED TO ADEQUATELY AND COMPETENTLY REPRESENT HIM. TRIAL COUNSEL'S DEFICIENT PERFORMANCE VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
Appellant essentially argues that his defense counsel was ineffective at trial in accordance with Strickland v. Washington
(1984), 466 U.S. 668. However, appellant presented the issue of ineffective assistance of counsel on direct appeal. Therefore, res judicata barred appellant from raising the issue of ineffective assistance of counsel again in his petition for post-conviction relief. Perry, supra.
Furthermore, appellant bore the initial burden to submit evidentiary documents containing, "* * * sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." Statev. Jackson (1980), 64 Ohio St.2d 107, 111. General conclusory allegations that a defendant was denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. Jackson, supra. Appellant failed to meet his burden as the only evidence submitted with his petition were three self-written, conclusory affidavits. Therefore, the trial court did not err in denying appellant's petition for post-conviction relief without an evidentiary hearing regarding the issue of ineffective assistance of counsel.
Appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "APPELLANT WAS DENIED A FAIR TRIAL GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS FIVE AND TEN OF THE OHIO CONSTITUTION BY PROSECUTORIAL MISCONDUCT."
Appellant claims that he was denied the benefit of a fair trial due to the numerous instances of prosecutorial misconduct that occurred during trial. However, appellant raised the issue of prosecutorial misconduct under his ineffective assistance of counsel claim on direct appeal. Res judicata thereby precluded appellant from again raising this argument in his petition for post-conviction relief. Perry, supra. Furthermore, appellant has again failed to substantiate his assertions with any evidence to support his claim of prosecutorial misconduct. Therefore, the trial court did not err in denying appellant's petition without an evidentiary hearing as it pertained to the issue of prosecutorial misconduct. Hughey, supra.
Appellant's third assignment of error is found to be without merit.
Appellant's fourth assignment of error alleges:
 "APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL BY JUDICIAL ERROR. SUCH ERROR VIOLATED APPELLANT'S RIGHTS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS FIVE AND TEN OF THE OHIO CONSTITUTION. SUCH JUDICIAL ERROR SEVERELY PREJUDICED THE DEFENSE AND REPRESENTS PLAIN ERROR OF THE COURT."
Appellant asserts that his trial was not fair and violated his right to due process of law. Appellant maintains that Crim.R. 16 (B)(1)(g) was violated because he was not allowed to participate during in-camera examinations of prior statements made by state witnesses. Appellant also asserts that a juror was sleeping during critical testimony. Next, appellant claims the trial court erred in allowing repetitive or cumulative photos taken after the autopsy into evidence, which appellant alleges were only shown to appall or inflame the passion of the jury and to prejudice the defense. Finally, appellant maintains that the trial court erred in failing to order a psychological evaluation of him after reviewing the statements of Deputy Coleman, the Farnsworth couple, and the expert testimony of Dr. Geoffery Block.
The issue of a psychological exam was addressed on direct appeal and is thus barred by res judicata. Perry, supra. The other issues presented by appellant under this assignment of error could have been raised on direct appeal. Appellant failed to demonstrate that he was prevented from raising these issues on direct appeal and is thereby precluded from raising these issues in his petition for post-conviction relief by res judicata. Perry, supra. Furthermore, appellant failed to provide sufficient evidence demonstrating substantive grounds for relief. Therefore, the trial court did not err in denying appellant's petition for post-conviction relief without conducting an evidentiary hearing regarding the issues presented under this assignment of error.Hughey, supra.
Appellant's fourth assignment of error is found to be without merit.
On September 10, 1999, this court granted appellant thirty days to file a supplemental brief. Appellant thereafter filed a supplemental brief which set forth three additional assignments of error for review. Since these three supplemental assignments of error have a common basis in law and fact, they shall be discussed together and allege respectively as follows:
 "APPELLANT WAS DENIED A FAIR APPELLATE REVIEW HEARING IN VIOLATION OF HIS DUE PROCESS RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE TRANSMISSION OF RECORDS OF TRIAL PROCEEDINGS THAT WERE FOUND TO BE INACCURATE AND INVALID."
 "APPELLANT WAS DENIED A FAIR TRIAL IN VIOLATION OF HIS DUE PROCESS RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE WITHHOLDING OF WITNESSES PRIOR STATEMENTS AT TRIAL AND DURING THE SUPPRESSION HEARING."
 "THE TRIAL COURT ERRED IN ADMITTING EVIDENCE WHICH FALLS UNDER THE `FRUIT OF THE POISONOUS TREE' DOCTRINE BY CITING `THE PUBLIC SAFETY EXCEPTION' TO MIRANDA AS A FINAL DETERMINING FACTOR IN THE COURT'S DECISION TO DENY SUPPRESSION OF SAID EVIDENCE. SUCH ERROR DENIED THE APPELLANT A FAIR TRIAL AND VIOLATED THE FIFTH AND SIXTH AMENDMENTS TO THE U.S. CONSTITUTION."
Appellant essentially argues that the trial court committed several errors during the suppression hearing, and that his statement to police officials should have been suppressed. Appellant raised this issue on direct appeal and the doctrine ofres judicata thereby precluded appellant from again raising this issue in his petition for post-relief. Perry, supra.
Appellant's first, second and third supplemental assignments of error are found to be without merit.
The judgment of the trial court is affirmed.
VUKOVICH, J., concurs.
WAITE, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE